**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**BENITO PEREZ**                                                  **PETITIONER**

**VS.**                  **CASE NO. 2:06CV00098 WRW/HDY**

**LINDA SANDERS,
WARDEN, FCI FORREST
CITY, ARKANSAS**                                        **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Benito Perez, in federal custody FCC Forrest City, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Mr. Perez is seeking credit for 827 days toward service of his current federal sentence for time that he served in a Texas penitentiary. The respondent contends the petition is without merit. In addition, the respondent urges that Mr. Perez has not exhausted his administrative remedies and the petition should be dismissed on that basis.

We first consider the respondent's claim that the petition should be dismissed because of the petitioner's failure to exhaust his administrative remedies. The respondent concedes that the petitioner sought administrative review with the Warden by filing a request for relief on June 2, 2005. This request was denied on June 14, 2005. The petitioner then filed a Regional

Administrative Remedy Appeal on July 7, 2005. By response dated August 23, 2005, the petitioner's motion was denied. The respondent contends that the petitioner failed to seek one last administrative appeal by neglecting to seek relief from General Counsel. Respondent cites 28 C.F.R. § 542 as authority for requiring the petitioner to pursue relief from General Counsel. In pertinent part, the regulation states as follows:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15 . Based on the foregoing, it appears that the petitioner had an additional option to pursue in the administrative process[1]. However, it is also apparent that this option is not available to him now, as the time in which to pursue it has long passed. In addition, there is no reason to believe an appeal to General Counsel would have met with a different fate than the petitioner's previous efforts. As a result, we find it would be futile to dismiss this case without prejudice to allow the petitioner to return to the administrative process. We also find that the failure to seek an answer from the General Counsel is not a barrier to bringing this action, under the circumstances of this case.

We now consider the merits of Mr. Perez' claim. He describes the claims as a challenge

---

[1]In a supplemental pleading, Mr. Perez claims he attempted to pursue the final level of appeals in the administrative process but his request was denied as untimely. Docket entry no. 6, page 3.

to "Constitutional prohibition against double jeopardy violated where double punishment for two identical crimes occurred." Petition, page 4.  Mr. Perez stresses, however, that he is not attacking his conviction or the legality of the sentence imposed[2].  The relief he seeks is credit for time served.  He asserts that he was charged in Texas state court on August 19, 1999, with possession with intent to distribute cocaine.  He indicates he entered a guilty plea and was sentenced to five years of imprisonment on March 23, 2000.  According to the petitioner, he was charged in federal court on February 12, 2002 with possession with intent to distribute cocaine, and entered a guilty plea on August 30, 2002.  He was sentenced in federal court to 125 months of imprisonment, to run concurrent with his state sentence.  After entering the guilty plea in federal court, Mr. Perez was returned to state custody and was given credit for 67 days of time served[3].  He seeks credit for the time from May 26, 2000, when he was sentenced in state court, through August 30, 2002, when he was sentenced in federal court.  This amounts to two years, three months, and four days.  The petitioner states, "Without this credit, I will have served part of the time imposed "concurrently" in the state and fed. Cases in consecutive fashion due to a lapse of time of at least 2 years, between the time I was arrested in state court on same charge, to the moment I was INDICTED in fed. court."  Petition, page 5.  The respondent supplies an additional date to the timeline – the petitioner completed service of his Texas state sentence on January 7, 2005.  He was released to the custody of the United States Marshal and sent to FCC Forrest City

---

[2] A challenge to the validity of the conviction must be pursued in the court where a petitioner was convicted pursuant to 28 U.S.C. § 2255.

[3] The parties agree that the 67 days of pre-sentence credit was awarded to the petitioner, and the credit for this time is not the subject of this action.  It appears that this credit was appropriate pursuant to *Willis v. U.S.*, 438 F.2d 923 (5th Cir. 1971).

to serve the remainder of his federal sentence.

The respondent's position is well stated in her response, which echoes the reasons provided to the petitioner when he sought relief in the administrative process. The Warden's response to the petitioner's request for administrative remedy is, in pertinent part, as follows:

> A review of your sentence computation revealed the following information. On August 30, 2002, you were sentenced in U.S. District Court, Northern District of Texas, Case Number 1:02CR0003-03-C, to a term of 125 months and three (3) years supervised release. The Court ordered this sentence to run concurrent with the sentences imposed in Case Numbers 19,512-A and 19,767-A of the 42nd Judicial District Court, Taylor County, Abilene, Texas. Based on the Federal Court's Order, your federal sentence began on the date you were sentenced, August 30, 2002.
>
> Federal Criminal Code and Rules Title 18:3585(b), states in part, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . **that has not been credited against another sentence**." You are requesting credit for time spent serving your state sentence prior to the imposition of the federal sentence. Based on the above statute, you are not eligible to receive prior custody credit from May 26, 2000 through August 29, 2002, as you were in the primary custody of the State of Texas, serving a state sentence. Thus, this time was credited toward another sentence. You were given prior custody credit toward your federal sentence for the time spent in state custody prior to sentencing by the State which amounts to a total of 119[4] days.

See attachment 4 to docket entry no. 5. On appeal of the Warden's decision, the BOP's Regional Director affirmed, using the same rationale. See attachment 5 to docket entry no. 5.

In summary, the petitioner is seeking credit for time served prior to the commencement of his federal sentence on August 30, 2002. We find no error in the BOP's interpretation and application of the federal statutes and policies governing the petitioner's request. In particular, the BOP's ruling is consistent with 18 U.S.C. § 3585(a), which provides that a sentence

---

[4] Although the Warden recites the pre-sentence credit as being 119 rather than 67 days, this is not an issue since the petitioner is not challenging this credit for time served prior to being sentenced in state court.

"commences" when the defendant is received in custody at the detention facility at which the sentence is to be served.  The petitioner bears the burden of showing more than a disagreement with the decision of the prison officials.  Mr. Perez has not shown any constitutional violation in applying the relevant statutory provisions, nor has he shown that other rules or statutes should have governed the decision.  As a result, we recommend the petition for writ of habeas corpus be dismissed and the relief requested be denied.

    IT IS SO ORDERED this __5__ day of May, 2006.

                                                                          _____
                                                                          UNITED STATES MAGISTRATE JUDGE